JS-6

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 50028 | **DATE** | 12/30/2004 |
| **CASE TITLE** | Walker vs. Meyers | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons stated on the reverse memorandum opinion and order, the court denies plaintiff's motion for summary judgment, grants defendants' motion for summary judgment, and dismisses this cause in its entirety.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

No notices required, advised in open court.
No notices required.
✓ Notices mailed by judge's staff.
Notified counsel by telephone.
Docketing to mail notices.
Mail AO 450 form.
Copy to judge/magistrate judge.

courtroom deputy's initials: LC

Date/time received in central Clerk's Office

number of notices
date docketed: 1-3-05
docketing deputy initials
date mailed notice
mailing deputy initials

Document Number: 27

# MEMORANDUM OPINION AND ORDER

Plaintiff, David Walker, filed a one count, second amended complaint against defendants, Richard Meyers (individually and in his official capacity), the Sheriff of Winnebago County, Eddie Houi (individually and in his official capacity), an administrator at the Winnebago County Jail, and Winnebago County, alleging that while he was a pre-trial detainee at the jail he was classified as a Level III security risk which resulted in his inability to participate in certain religious activities such as attending chapel, receiving religious literature, and conversing individually with the jail chaplain in violation of the First Amendment to the Constitution. Defendants have moved for summary judgment, and plaintiff has filed a cross-motion for summary judgment.

To succeed on a motion for summary judgment, a movant must show there is no genuine issue of material fact and that he is entitled to judgment as a matter of law. Vallone v. CNA Financial Corp., 375 F. 3d 623, 631 (7th Cir. 2004). In making this determination where cross-motions for summary judgment have been filed, the court must view all facts and draw all reasonable inferences in a light most favorable to the party against whom the motion under consideration is made. Gazarkiewicz v. Town of Kingsford Heights, 359 F. 3d 933, 939 (7th Cir. 2004). Here, both parties agree on all material facts and the applicable law; they disagree, however, on the result when the applicable law is applied to the undisputed facts. This case is, therefore, ripe for summary judgment.

In this case, plaintiff does not plead a claim of a denial of due process, but rather, casts his claim in terms of a denial of his First Amendment right to practice his religion. This is strategically astute as no due process is required to limit the freedom of a pre-trial detainee for managerial reasons, such as preventing him from harming others, as opposed to punitive reasons. See Higgs v. Carver, 286 F. 3d 437, 438 (7th Cir. 2002). Here, the jail had legitimate reasons to believe plaintiff was a threat to his court-appointed attorney, and the classification at Level III with its attendant limitations made perfect sense. Had the jail failed to take such reasonable measures and plaintiff had carried out his threat, a lawsuit of a different kind might well be pending. See Higgs, 286 F. 3d at 438.

Turning to plaintiff's First Amendment claim, an inmate is entitled to practice his religion as long as doing so does not unduly burden the institution. Richards v. White, 975 F. 2d 471, 474 (7TH Cir. 1992). A prisoner's right to free exercise of his religion must give way to regulations that are reasonably related to legitimate penological goals. Richards, 957 F. 2d at 474. An inmate's religious rights must be balanced against the legitimate penological goals, considering these factors: (1) any legitimate governmental interest underlying the prison's actions; (2) any alternative ways of exercising the right; and (3) any impact that accommodation of the right would have on correctional officers, other inmates, and prison resources. Richards, 957 F. 2d at 474.

In this case, plaintiff's claim fails because the only evidence of any limitation on his right to practice his Christian religion was the inability to attend group Bible study for a period of 68 days. It is undisputed based on Chaplain Sowell's testimony that such a group activity is not an essential component of the Christian faith. Further, plaintiff offers no evidence of any other limitation on his ability to exercise his religion while on a Level III classification.

Additionally, even if the inability to attend group Bible study was an interference with basic tenet of plaintiff's religion, it would not constitute a violation of the First Amendment because he was able to practice his religion in other ways such as prayer, reading religious materials, and having access to the chaplain. When the minimal restriction on his religious practice is considered along with the need for the restriction and the fact that allowing him to attend group sessions while restrained would impose a significant burden on jail resources, the balance favors a conclusion that the First Amendment was not violated.

For the foregoing reasons, the court denies plaintiff's motion for summary judgment and grants defendants' motion for summary judgment.